Dear Mr. Landry:
You have requested an opinion of the Attorney General in your capacity as a attorney for the Town of Broussard, relative to the authority of the Mayor to invest the town's monies. Specifically, you ask whether the mayor can invest town monies without prior approval from the Board of Aldermen.
The Town of Broussard is a Lawrason Act municipality and is governed by the provisions of LSA-R.S. 33:321 et seq. LSA-R.S.33:404 provides for the duties of mayor, and states in pertinent part:
 "A. The mayor shall have the following powers, duties, and responsibilities:
 (1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law. All administrative staff shall be subordinate to the mayor.
* * *
(4) To sign all contracts on behalf of the municipality.
* * *
 (9) To have any other power or perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law."
LSA-R.S. 33:362 provides for the exercise of municipal powers and, therein, distinguishes the powers of the board of aldermen and the mayor. It provides, in pertinent part, the following:
 "A. (1) The legislative powers of a municipality shall be vested in and exercised by the board of aldermen.
(2) the board of aldermen may:
* * *
 (b) enact ordinances and enforce the same by fine not to exceed five hundred dollars or imprisonment not exceeding sixty days, or both.
* * *
 B. The mayor shall be the chief executive officer of the municipality."
The answer to your inquiry, therefore, hinges on whether the investment of town monies constitutes a mayoral executive function or an aldermanic legislative function.
A review of the statutes defining the respective powers and duties of the mayor and board of aldermen reveal no specific grant of authority in favor of, or prohibition against, either department relative to the investment of municipal funds. Further, it is our understanding that the board of aldermen has not addressed this subject matter by ordinance.
In the absence of an ordinance or resolution, we are of the opinion that the investment of town monies is not a law-making (legislative) process. To the contrary, it is our opinion that this function falls within the day to day operations of the town, the administration of which rests with the mayor.
This conclusion is consistent with your assertions that the Mayor's office has historically been responsible for daily banking transactions, including the recording of, and accounting for, receipts and disbursements of town monies, and the issuing of reports thereon.
The jurisprudence of this state has recognized that a mayor must be accorded wide discretion in administering to the affairs of the municipality and that the proper exercise thereof will be presumed in the absence of a showing to the contrary. Our Courts will not interfere with the exercise of this discretion, absent a clear showing of illegality or abuse thereof. See LaFleur v. Roberts, 157 So.2d 147 (La.App. 3rd Cir. 1963).
In the case at hand, it is our understanding that the Mayor transferred funds from one investment vehicle to another in order to take advantage of higher interest rates. We can find no indication that, in so doing, the Mayor has abused his discretionary powers in administering the affairs of the municipality.
Trusting this opinion has satisfactorily answered your request, I am
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III:lbw-0029R